**In re Dawn Marie HURSEY, Debtor.**

**No. 02–93738.**

United States Bankruptcy Court, C.D. Illinois.

April 16, 2003.

Frank E. Hoffman, Attorney at Law, Bloomington, IL, for debtor.

Paul R. Wilson, Jr., Attorney at Law, Rantoul, IL, for creditor.

James R. Geekie, Paris, IL, trustee.

U.S. Trustee, Peoria.

### OPINION

GERALD D. FINES, Chief Judge.

This matter having come before the Court on a Motion to Amend or Make

Additional Findings of Fact filed by Creditor, Richard Q. Tarvin, on February 28, 2003; Debtor's Amended Objection to Motion to Amend or Make Additional Findings of Fact and Motion to Strike; Debtor's Response to Motion to Amend or Make Additional Findings of Tort (sic) and Motion to Strike; and Debtor's Objection to Claim; the Court, having heard sworn testimony and arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## Findings of Fact

In 1999, while in a relationship with Debtor's mother, Creditor, Richard Q. Tarvin, purchased a piece of real estate, commonly known as 1204 Kinch Drive, Urbana, Illinois, for the sum of $87,000. Following his purchase of the subject real estate, on December 23, 1999, Creditor Tarvin entered into a Real Estate Contract with the Debtor allowing her to purchase the real estate for the sum of $67,400, with interest at the rate of 8.35% per annum. The Real Estate Contract had a balloon provision set for December 31, 2005. At a hearing held on February 11, 2003, when questioned about the difference between the price at which he purchased the real estate and the price at which the Real Estate Contract was set, Creditor Tarvin testified that this was a mistake, and that he had evidently not thoroughly read the Real Estate Contract. The Court found this testimony not to be credible, and concludes that the price set in the Real Estate Contract at issue of $67,400 was not a mistake, but rather resulted from the relationship between Creditor Tarvin and the Debtor's mother.

The uncontroverted evidence shows that, from December 1999 until July 2002, the Debtor made the monthly payments due under the Real Estate Contract without fail. In July 2002, the Debtor began experiencing financial difficulties related to her inability to obtain current child support from the father of her children. In this regard, on July 12, 2002, the Debtor made a payment by check on the Real Estate Contract in the amount of $514.10, which was returned for non-sufficient funds. (See Plaintiff's Exhibit A attached to Motion Requesting Relief from Automatic Stay, filed December 6, 2002). In response to the non-sufficient funds check, Creditor Tarvin had his attorney, Paul R. Wilson, Jr., send a letter, dated August 13, 2002, to the Debtor, directing her to make good on the check within 30 days. The evidence supplied by the Creditor (Exhibit E) shows that service by certified mail was attempted, but proved unsuccessful as is indicated by the unclaimed certified letter received at the Wilson Law Offices on September 6, 2002.

Prior to the July 12, 2002, non-sufficient funds check, the Debtor had been notified by certified mail that various payments were due on her Real Estate Contract in a letter dated July 2, 2002, which she acknowledged receipt of on July 9, 2002, by certified mail. The July 2, 2002, letter related solely to the payment of real estate taxes, giving the Debtor 15 days in which to pay arrearages on said real estate taxes. Following the July 2, 2002, letter, Attorney Wilson issued a letter dated July 24, 2002, to the Debtor enclosing a copy of the July 2, 2002, letter; notifying the Debtor that she was in default of her obligations as outlined in the July 2, 2002, letter; and giving her 30 days in which to cure said default. Evidence submitted by the Creditor (Plaintiff's Exhibit I) indicates that the July 24, 2002, letter was sent by certified mail, but was never claimed by the Debtor, and on August 12, 2002, the unclaimed

letter was received back in the Wilson Law Offices.

On August 13, 2002, Attorney Wilson again prepared a letter directed to the Debtor attaching a copy of the July 2, 2002, letter, giving the Debtor 30 days in which to cure all defaults on the Real Estate Contract, indicating that:

> In the event of your failure to make full and complete payment of said unpaid balance within thirty (30) days of the date of this letter, Mr. Tarvin will declare the agreement at an end and direct you to return possession of the premises to Mr. Tarvin.

Evidence submitted by the Creditor (Plaintiff's Exhibit K) indicates that the August 13, 2002, letter was not received by the Debtor, and that the unclaimed certified mail envelope was returned to the Wilson Law Offices on September 6, 2002. On September 5, 2002, Attorney Wilson again directed a letter to the Debtor stating:

> You are hereby given notice, pursuant to the Real Estate Contract dated December 23, 1999, that the full amount which is currently unpaid pursuant to the Contract, whether otherwise due and payable or not, is immediately payable. (Plaintiff's Exhibit L)

Plaintiff's Exhibit M indicates that the September 5, 2002, letter was again unclaimed by the Debtor, and that said letter was returned to Wilson Law Offices on September 24, 2002.

On October 17, 2002, Attorney Wilson directed a letter to the Debtor purporting to terminate her rights in the Real Estate Contract as to the premises commonly referred to as 1204 Kinch Drive, Urbana, Illinois (Plaintiff's Exhibit N). There is no evidence to indicate that this letter, dated October 17, 2002, purporting to be a notice terminating the Debtor's rights in the subject Real Estate Contract, was ever received by the Debtor.

On October 21, 2002, within 4 days of sending the purported termination letter, dated October 17, 2002, Attorney Wilson, on behalf of Creditor Tarvin, filed a Complaint in Champaign County, Illinois, Case No. 2002–CH–274, seeking damages for Debtor's non-sufficient funds check dated July 12, 2002, money damages for Debtor's purported default on the Real Estate Contract, and payment of past due real estate taxes on the Real Estate Contract. The evidence submitted by the Creditor does not include proof of service of summons of the Champaign County Complaint designated as Case No. 2002–CH–274, although docket information supplied as to that case indicates that the State Court noted, on November 27, 2002, that a summons was on file with service returned. On November 27, 2002, Attorney Paul Wilson appeared in Champaign County Court with a Motion for Judgment by Default. There is no record that the Debtor had notice of Attorney Wilson's appearance on November 27, 2002, or any notice of the Motion for default. Regardless of this fact, a Judgment Order was entered by the Champaign County Court on November 27, 2002, directing the Debtor to immediately leave the premises known as 1204 Kinch Drive, Urbana, Illinois; further ordering that the Debtor's rights, if any, in the premises were terminated; and entering a judgment for money damages in the amount of $1,500 plus court costs and attorney's fees in the amount of $1,000.

On December 2, 2002, having learned of the default judgment entered on November 27, 2002, the Debtor filed an Entry of Appearance and Request to Produce in the Champaign County lawsuit *pro se*. On December 4, 2002, the Debtor additionally filed a post-trial motion in the Champaign County lawsuit seeking to have the default

set a side. On that same date, the Debtor filed for relief under Chapter 13 of the Bankruptcy Code. On December 6, 2002, Creditor Tarvin, through his attorney, Paul R. Wilson, Jr., filed a Motion Requesting Relief from Automatic Stay in this Court, which the Debtor objected to by filing a written objection on December 20, 2002. A pre-trial hearing was held on Creditor's Motion Requesting Relief from Automatic Stay and Debtor's Objection to Motion Requesting Relief from Automatic Stay, with a final hearing scheduled for February 11, 2003.

Together with her Chapter 13 bankruptcy petition filed on December 4, 2002, the Debtor filed a Chapter 13 Plan indicating that she would pay all arrearages due on the subject Real Estate Contract, plus attorney's fees to Attorney Paul R. Wilson, Jr., and additionally she would begin making regular monthly payments due under the contract directly to the Creditor, as provided by the contract. On January 28, 2003, Creditor Tarvin, through his attorney, filed an Objection to Confirmation of Chapter 13 Plan, asserting that the contract at issue had been terminated, the Debtor had no interest in the subject property, and, as such, the Debtor had no rights to attempt to cure the arrearages under the contract through her Chapter 13 Plan of reorganization. Confirmation of the Debtor's Chapter 13 Plan and the objection thereto was scheduled for hearing on February 11, 2003, together with Creditor Tarvin's Motion Requesting Relief from Automatic Stay and the Debtor's objection to said motion.

A hearing was held on February 11, 2003, at which time Creditor Tarvin testified as to the subject Real Estate Contract and as to actions taken following the Debtor's default in July 2002. The Court found at the close of Creditor Tarvin's testimony that the witness was not credible. In par-

ticular, the Court found that the testimony concerning the difference between the purchase price of $87,000 and the contract price of $67,400 being a mistake was wholly unsupported by the other evidence before the Court. At the close of hearing on February 11, 2003, the Court denied Creditor Tarvin's request for relief from the automatic stay, denied the objection to confirmation, and further ordered Debtor's counsel to submit a written order confirming the Debtor's Chapter 13 Plan. It was implicit in the Court's ruling of February 11, 2003, that the Debtor had a right to cure arrearages under the subject Real Estate Contract, and that the payments as proposed in the Debtor's Chapter 13 Plan were sufficient to accomplish that result. Subsequently, on February 18, 2003, an Order Confirming Plan was officially entered by the Court.

### Conclusions of Law

In addressing the Motion to Amend or Make Additional Findings of Fact, filed by Creditor, Richard Q. Tarvin, on February 28, 2003, the Court finds that said motion was timely filed as it applies to the Order Confirming Plan entered by the Court on February 18, 2003. However, the motion is untimely as it applies to the order denying Creditor Tarvin's request for relief from the automatic stay, which was entered by the Court on the docket on February 11, 2003. Thus, the Court will address the Motion to Amend or Make Additional Findings of Fact as it applies to the entry of the order confirming the Debtor's Chapter 13 Plan.

It is Creditor Tarvin's position that the Debtor has no rights in the subject Real Estate Contract which she can assert under her Chapter 13 Plan allowing her an attempt to cure the arrearages which exist on the contract. At hearing on February 11, 2003, Creditor Tarvin's counsel agreed

that this Court had jurisdiction to determine whether default judgment had properly been entered in the State Court on November 27, 2002, as was questioned by the Debtor in her *pro se* post-trial motion filed in the State Court on December 4, 2002, at the same time she filed for relief under Chapter 13 of the Bankruptcy Code in this Court.

Although this Court did not make specific written findings of fact and conclusions of law at the close of hearing on February 11, 2003, it was implicit in the Court's ruling that the Debtor retained rights under the Real Estate Contract at issue. This Court finds that, under the terms of the Real Estate Contract dated December 23, 1999, the Debtor was never given proper notice of the termination of her rights under the contract. The uncontroverted evidence submitted by Creditor Tarvin indicates that, although service by certified mail was attempted notifying the Debtor of her default under the Real Estate Contract and the purported termination of her rights, those mailings were not received by the Debtor. As such, the State Court was incorrect when it entered its judgment terminating the Debtor's rights in the subject Real Estate Contract on November 27, 2002. This Court notes the fact that the default judgment was obtained on a motion for default of which the Debtor had no notice.

Having found that the Debtor continued to have rights under the subject Real Estate Contract at the time of her bankruptcy filing on December 4, 2002, the Court concludes that the Debtor is entitled to cure all arrearages under said contract through her Chapter 13 Plan of reorganization. A Debtor's right to cure arrearages under a real estate contract or mortgage through a Chapter 13 plan is clearly supported by the Bankruptcy Code and is, in fact, a very common occurrence. Under the payments proposed by Debtor in her confirmed Chapter 13 Plan, the Court finds that there are sufficient sums to cure the arrearages as outlined in the evidence submitted to the Court by the Creditor.

After concluding that Debtor's Chapter 13 Plan was properly confirmed, the Court turns to the Debtor's Objection to Claim filed by Creditor Tarvin. In this regard, the Court notes that, on February 28, 2003, Creditor Tarvin filed a claim purported to be secured by real estate in the amount of $85,000. There is no documentation attached to the claim as filed supporting the amount of $85,000, and the Court can only conclude that said claim is Creditor's attempt to obtain what he believes to be the approximate value of the real estate at issue. Based upon the evidence before it, the Court finds that the claim filed by the Creditor in the amount of $85,000 must be denied. However, the Court will allow the Creditor a period of 30 days in which to file an amended proof of claim which may properly include the arrearages due under the Real Estate Contract at issue for past payments and past due real estate taxes, plus reasonable attorney fees for Creditor's attorney, Paul R. Wilson, Jr., for his services in this matter.

### ORDER

For the reasons set forth in an Opinion entered on the 16th day of April 2003;

IT IS HEREBY ORDERED that:

A. The Motion to Amend or Make Additional Findings of Fact filed by Creditor, Richard Q. Tarvin, on February 28, 2003, is *ALLOWED* as it pertains to the Order Confirming Plan entered by this Court on February 18, 2003;

B. Debtor's Objection to Claim filed on March 17, 2003, is *ALLOWED;*

C. Creditor, Richard Q. Tarvin, is granted a period of 30 days from the date of this Order to file an amended claim consistent with the Opinion entered by this Court in support of this Order; and,

D. Motion to Strike and for sanctions filed as part of Debtor's Response to Motion to Amend or Make Additional Findings of Tort (sic) and Motion to Strike is *DENIED.*